**MILSTEIN JACKSON FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, California 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

**CARNEY BATES & PULLIAM, PLLC**
Joseph Henry (Hank) Bates, III (SBN 167688)
Allen Carney (to apply for *pro hac vice*)
Samuel R. Jackson (to apply for *pro hac vice*)
519 W. 7th St.
Little Rock, AR, 72201
Telephone: (501) 312-8500
Facsimile: (501) 312-8505
hbates@cbplaw.com
acarney@cbplaw.com
sjackson@cbplaw.com

*Attorneys for Plaintiff Willis Ridgeway*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIS LAMAR RIDGEWAY**, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>**SPOKEO, INC.**<br><br>    Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Willis Lamar Ridgeway ("Plaintiff"), by and through his attorneys, makes the following allegations against Defendant, Spokeo, Inc. ("Spokeo" or "Defendant"), based on his personal knowledge, the investigation of his counsel, and upon information and belief.

## INTRODUCTION

1. Plaintiff brings this class action complaint against Spokeo, for violating the rights of Alabama citizens by using their names, signatures, photographs, images, likenesses, voices, and or similar imitations of those attributes for the commercial purpose of advertising subscriptions to Defendant's database services without obtaining consent from Plaintiff or the putative class.

2. Defendant operates a "people search" website, which offers to display detailed reports about individuals to any user who pays a monthly subscription fee.

3. Defendant compiles vast amounts of information from thousands of data sources, such as contact information, location history, photographs, social media accounts, court records, and work information for individuals throughout the United States. Defendant uses this information to create profiles on individuals including profiles for Alabama residents, and it hosts their profiles on its database.

4. A user of Defendant's website can subscribe to its database by paying a monthly fee of $24.95, which grants the subscriber unlimited access to detailed records pertaining to any and every individual for which Defendant has records.

5. Defendant's homepage offers a "free search" on its website, which it employs to facilitate a user's initial engagement with the website and generate interest in the product. Spokeo makes this feature available by including a large field which instructs the user to "Enter a Name, Phone Number, Address or Email" adjacent to a "Search Now" button.

6. By entering a search query, Spokeo will run a search and provide results corresponding to the requested information. The search results are published in the form of a "teaser report" which displays uniquely identifying

information pertaining to the person searched, such as name, age, location, and names of relatives.

7. When Defendant presents this "teaser," it also makes the additional representation that its database contains more information than included in the teaser – such as full contact information, criminal and traffic records, marriage records, and social profiles.

8. Critically – the teaser is displayed adjacent to offers to "Unlock Profile" and obtain a "Special Trial Offer" which incentivize the user to subscribe to Defendant's database. This offer to provide access to the database in exchange for payment of a subscription fee is made more enticing because Defendant represents that the subscription fee not only provides access to all categories of information for the individual profiled in the "teaser" – but for every person contained within its database.

9. Defendant's "free search" feature fulfills the dual purposes of (1) confirming for the user that Defendant's database includes detailed information about the person for whom the visitor searched, and (2) advertising the capabilities of Defendant's database – which includes full reports on millions of individuals. To put it more simply, Defendant does not offer to sell independent detailed reports about individuals searched on its website – rather, Defendant presents their identities *to sell subscriptions to its database services*.

10. Plaintiff and the putative class members are not customers of Spokeo – in fact, Plaintiff and the putative class members have taken no action to create a relationship with Spokeo whatsoever.

11. Plaintiff and the class members never consented to Spokeo's use of the indicia of their identities, such as their names, residence, likenesses, and personas to advertise Defendant's services and products.

12. Despite its lack of consent to use indicia of the Plaintiff's and the class members' identities, Spokeo does just that, when it creates and publicizes

teaser profiles that include their names, ages, current and past cities of residence, emails, phone numbers, other personal information, and on occasion photographs.

13. Alabama law protects its citizens from the misappropriation of the indicia of their identities through its Right of Publicity Statute, codified at Ala.Code. 1975 § 6-5-770 *et seq.*, and it requires any private entity to obtain consent from its residents before using indicia of their identities for a commercial purpose.

## THE PARTIES

14. Plaintiff, Willis Lamar Ridgeway, is a natural person and a resident of Tuscaloosa, Alabama, and he has no relationship with Defendant.

15. Defendant Spokeo, Inc. is a Delaware corporation with its headquarters in Pasadena, California, and it owns and operates the people search engine, spokeo.com.

## JURISDICTION AND VENUE

16. This Court has general jurisdiction over the Defendant because Defendant operates its headquarters in this state, manages the collection and publication of Plaintiff's and Class Members' personal information from within this state, and designs the systems which publish Plaintiff's and Class Members' personal information for a commercial purpose from within this state.

17. Venue is appropriate against the Defendant corporation in this Court pursuant to West's Ann.Cal.C.C.P. § 395, because Defendant resides in this District.

## STATEMENT OF FACTS

*Alabama's Right of Publicity Act*

18. Alabama codified a Right of Publicity in the indicia of identity for its citizens at Ala.Code. § 6-5-770 *et seq*.

19. "Indicia of identity" is defined as "[t]hose attributes of a person that serve to identify that person to an ordinary, reasonable viewer or listener,

including, but not limited to, name, signature, photograph, image, likeness, voice, or a substantially similar imitation of one or more of those attributes." Ala.Code 1975 § 6-5-771(1).

20. "Person" is defined as "[a] natural person or a deceased natural person who at any time resided in this state or died while in this state or whose estate is, or was, probated in any county in this state." Ala.Code 1975 § 6-5-771(2).

21. The Alabama Legislature enacted a "Right of Publicity" as follows: "There is a right of publicity in any indicia of identity, both singular and plural, of every person, whether or not famous, which right endures for the life of the person and for 55 years after his or her death, whether or not the person commercial exploits the right during his or her lifetime. The right is freely transferable and descendible, in whole or in part, and shall be considered property of the estate of the decedent unless otherwise transferred." Ala.Code 1975 § 6-5-771(3).

22. Pursuant to the Alabama Right of Publicity Act, "any person or entity who uses or causes the use of the indicia of identity of a person, on or in products, goods, merchandise, or services entered into commerce in this state, or for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise, or services…without consent shall be liable under this article to that person, or to a holder of that person's rights." Ala.Code 1975 § 6-5-772(a).

23. Alabama established a private right of action for "[a] plaintiff, who establishes by a preponderance of the evidence that his or her right of publicity has been violated" and makes the plaintiff eligible to receive "[s]tatutory damages in the amount of five thousand dollars ($5,000) per an action or compensatory damages, including the defendant's profits derived from such use" as well as "[a]ny other damages available under Alabama law[.]" Ala.Code. 1975 § 6-5-774.

*Spokeo's Violation of Alabamians' Right of Publicity*

24. Spokeo uses the indicia of identity of Alabama residents to advertise subscriptions to its website database.

25. Defendant scrapes information from webpages across the internet to collect and aggregate information of varying public-nature and organize those records into profiles pertaining to individuals across the world.

26. Defendant operates the website spokeo.com to make those records available to paying subscribers, which serves as a portal for those subscribers to search for individuals of interest and view any information Defendant has collected on them in exchange for payment of their monthly subscription fee.

27. Defendant's website includes a freely accessible search tool which visitors that have not yet paid for a subscription can use to search for information about any person, such as friends, family, acquaintances, old classmates, or even Plaintiff, by entering a name, phone number, address, or email address.

*Plaintiff, as represented by Spokeo*

28. Users who searched for Plaintiff via the "free search" are first informed that Spokeo will not inform the Plaintiff that he or she is seeking Plaintiff's information.

*Figure 1*

29. Upon completion of the search, the user is presented with a screen that includes Plaintiff's "teaser profile," which provides uniquely identifying information for Plaintiff, such as city of current and past residence, relatives, and

age. The teaser further represents and illustrates that Spokeo's database includes even more information, such as more detailed contact information, and that additional information can be accessed if the user clicks the button to "See Results."

30. The Profile provides some additional information, such as a partial phone number and email address, street names of prior and current addresses, and includes various information cards relating to different categories of information, such as "Phone and Email," "Address History," "Family Members," "Social Profiles," "Court Records," and "Additional Details" which may include wealth and work information.

31. The "Results" page further provides multiple user testimonials which suggest Spokeo's database service provides value and can be used for a myriad of purposes. The page further suggests that the service "has been featured on" CNBC, The New York Times, and HuffPost – all suggesting a subscription to the website is a valuable investment.

32. However, most of Plaintiff's information is blurred, including Plaintiff's house number, full email address, and last four digits of phone numbers. To access these items of information, the user must click "Unlock Profile" button.



*Figure 2*

33. Spokeo offers Plaintiff's "Full Name Report" for a "Special Price" of $0.95. But the offer of Plaintiff's Full Name Report for $0.95 is not an accurate representation because the fine print informs the user that selecting this option will automatically enroll the user in a 7-Day free trial, which will be automatically renewed as a full subscription at the normal rate of $24.95 per month.

*Cancel anytime. After your 7 day free trial, you will be billed $24.95 per month.

*Figure 3*

34. Spokeo's website design operates in such a manner that violates the right of publicity of Plaintiff and other Alabama citizens because it displays indicia of their identities adjacent to an offer to provide access to its database in exchange for payment of a monthly subscription fee (and, in fact, Spokeo displays indicia of Plaintiff's identity *to persuade* the user to purchase a subscription).



*Figure 4*

35. Spokeo offers the free search so that anyone can locate information about Plaintiff. Spokeo then piques the user's interest by displaying partial information about Plaintiff, and next Defendant teases the user by representing its database contains even more categories of information about Plaintiff – including

salacious types of information such as marriage and divorce records and criminal records. Finally, Defendant ensures the user that records of the same nature are available for each person in its database – and accessible to the user with a subscription.

36. Spokeo displays Plaintiff's information adjacent to its offers to provide access in exchange for payment of a subscription fee, and Defendant's purpose in displaying Plaintiff's information is clear – to solicit paid subscription memberships.

37. Thus, Spokeo does not sell Plaintiff's information independently, but instead sells a subscription-based service which permits a subscriber unlimited access to its database to view profiles for anyone in Spokeo's database, including Plaintiff.

38. As such, Defendant misappropriated Plaintiff and the class members' indicia of identity (names, photographs, images, likenesses, voices, or other uniquely identifying information) for its own commercial benefit (i.e., to advertise subscriptions to access Defendant's database).

39. Yet Defendant never obtained consent from Plaintiff or the class members to use the indicial of their identities for any reason, and Defendant never notified Plaintiff of its use of his information within its database or to advertise its services. In fact, Plaintiff and the class members have no relationship with Spokeo whatsoever.

*Plaintiff's Experience*

40. Plaintiff Willis Lamar Ridgeway has no account with Spokeo.

41. Plaintiff has taken no actions to create a relationship with Defendant in any form – in fact, Plaintiff has never visited Defendant's website.

42. Plaintiff does not know how or where Spokeo obtained his personal information.

43. Plaintiff was unaware information pertaining to him was stored within Defendant's database and published as a means of advertising Defendant's product.

44. Defendant used Plaintiff's name, image, and likeness to advertise its products – teasing potential subscribers with Plaintiff's indicia of identity to pique the interest of potential subscribers as it relates to the information they could obtain by subscribing to Defendant's database.

45. Plaintiff did not provide consent in any way for Spokeo to use his image and personal information to sell subscriptions to its database or for any other purpose.

46. Defendant never sought Plaintiff's consent to use his image and personal information to sell subscriptions to its database or for any other purpose.

47. Spokeo published multiple items of information pertaining to Plaintiff as part of its commercial purpose – all of which serve to uniquely identify Plaintiff.

48. Defendant's purpose in publishing Plaintiff's teaser profile is to sell subscriptions to its database services.

49. Defendant had no need to use Plaintiff's indicia of identity to advertise its product, as it could just as easily have illustrated how its database functions using information pertaining to a fictional person – Plaintiff's identity and the identities of other class members are deliberately employed by Defendant because they make it more likely a user will pay the monthly subscription fee to view information pertaining to a person with whom the user is familiar.

50. Plaintiff has a property interest as well as a privacy interest in the indicia of his identity, which is protected by Alabama law – an interest he has the right to use and protect as he wishes.

51. Spokeo injured Plaintiff by taking and misappropriating his indicia of identity without obtaining his consent to use his likeness for a commercial purpose – an indicia of identity Defendant has now deprived Plaintiff of the right to control.

## CLASS ALLEGATIONS

52. Plaintiff brings this complaint on behalf of himself and a class of all Alabama residents as follows:

53. Class Definition:

> All Alabama residents whose indicia of identity was published by Spokeo without their consent.

54. Excluded from the class are the judge and attorneys in this case, Defendant's officers, directors, counsel, successors, and assigns, and anyone who subscribes to spokeo.com.

55. **Numerosity**: Defendant indiscriminately gathers and publishes records for Alabama residents, and as such the members of the proposed class are so numerous that joinder of individual claims is impracticable.

56. **Commonality**: There are significant questions of law and fact common to the members of the class. These issues include:

   a. Whether Plaintiff's and the class members' names, signature, photograph, image, or likeness as used by Defendant qualify as "indicia of identity" as defined by Ala.Code § 6-5-771;

   b. Whether Spokeo's collection of personal information about Plaintiff and the class members in the form of marketing information, social media websites, and public records, and the display of that information to sell subscriptions to its database, constitutes the commercial use without written consent of another's indicia of identity as defined by Ala.Code. § 6-5-770 *et seq.*; and

   c. Whether Spokeo's use and display of personal information pertaining to Plaintiff and class members, in the form of marketing information, social media websites, and public records, to offer 7-day free trials that automatically convert to paid subscriptions constitutes the

commercial use without written consent of another's indicia of identity as defined by Ala.Code. § 6-5-770 *et seq*.

57. **Typicality and Adequate Representation**: Plaintiff's claims are typical of those of the proposed class. Plaintiff and all members of the proposed class have been harmed by Spokeo's commercial use of the indicia of their identity in the form of their names, images, photographs, and other personally identifying information. Further, Plaintiff will fairly and adequately represent the proposed class. The class representatives' claims are co-extensive with those of the rest of the class, and they are represented by qualified counsel experienced in class action litigation of this nature.

58. **Superiority**: A class action is superior to all other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the proposed class is impracticable. Many members of the class do not have the financial resources necessary to pursue this claim nor an interest sizeable enough to justify the cost of litigating this case. Individual litigation would be unduly burdensome on the courts and would greatly increase the time and expense needed to resolve a dispute concerning Spokeo's common acts toward the entire group. A class action allows the benefits of unitary adjudication, economy of scale, and comprehensive supervision of the controversy by a single court.

## CAUSES OF ACTION

### COUNT 1
### Violation of Alabama Code 1975 § 6-5-772

59. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

60. Plaintiff and putative class members are "persons" as defined by Ala.Code 1975 § 6-5-771(2).

61. Defendant is an "entity" subject to § 6-5-772(a) because it is a private enterprise which has a commercial purpose of selling paid subscriptions to its information database which publishes profiles of Alabama residents.

62. In exchange for a monthly fee, Defendant offers subscribers access to view information pertaining to any individual whose profile is stored in Defendant's database.

63. Defendant advertises its services to potential subscribers by creating and publishing "teasers" – visual illustrations of the type of information stored within its database and available with the purchase of a subscription.

64. When a potential subscriber performs an initial search for someone of interest Defendant displays its teasers to pique the potential subscriber's interest by giving the subscriber a limited set of results reflecting what information is available on Defendant's database and representing that more, additional categories of information exist for the searched person if the visitor purchases a subscription.

65. The "teasers" created and published by Defendant are not related to fictitious individuals - they include morsels of data related to actual natural persons, many of whom, like Plaintiff, are citizens of the state of Alabama.

66. Defendant's "teasers" include names, photographs, images, and likeness of Alabama citizens, including Plaintiff and putative class members.

67. Defendant did not obtain consent from Plaintiff or putative class members to publish indicia of their identity for purposes of advertising subscriptions to Defendant's products and services.

68. By using Plaintiff's and the putative class members' indicia of their identities for the purpose of advertising its services, Defendant violated Plaintiff's and the putative class members' right to publicity as defined by Ala.Code § 6-5-771(3).

69. Plaintiff seeks declaratory and injunctive relief, and monetary damages for himself and on behalf of each member of the proposed class as provided for in Ala.Code § 6-5-774, including statutory damages equal to $5,000, attorneys' fees and costs, and any other damages the court finds reasonable in light of Defendant's knowing commercial use of Plaintiff's and class members' indicia of identity without consent.

## COUNT 2
### Unjust Enrichment

70. Plaintiff incorporates all foregoing allegations as if fully stated herein.

71. Defendant has benefited from Plaintiff and members of the class from its business practices of selling access to its database using personal information of Plaintiff and the putative class without their consent.

72. Each subscription sold and each advertisement constitutes a benefit unjustly conferred onto Defendant at the Plaintiff and class members' expense.

73. Spokeo should not be permitted to retain the benefits it gained as a result of this activity.

74. Plaintiff and class members have suffered a loss resulting from Spokeo's conduct.

75. Plaintiff, on his own behalf and on behalf of the putative class, seeks restitution of profits generated by Spokeo as a result of its conduct described in this complaint, in addition to attorney's fees, costs, and interest.

## PRAYER FOR RELIEF

76. WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant Spokeo as follows:

   a. For an order certifying the proposed class and appointment Plaintiffs and their counsel to represent the class;

b. For a declaration that Spokeo's acts and omissions constitute a knowing misappropriation of names, likenesses, photographs, and other personal information, and infringe on protected privacy rights in violation of Alabama law;

c. For preliminary and permanent injunctive relief enjoining and preventing Spokeo from continuing to operate its website and expand its databases without appropriate safeguards to ensure the personal information of Alabamians is not used illegally without their consent;

d. For an order enjoining Spokeo from continuing the unlawful and unfair conduct described in this Complaint;

e. For restitution for Plaintiffs and members of the class for the value that Defendants derived from misappropriating their likenesses;

f. For an award of damages, including without limitation damages for actual harm, profits earned by Spokeo in the operation of its websites selling access to misappropriated personal information, and statutory damages in the amount of $5,000 for the Plaintiff and class members;

g. For an award of reasonable attorneys' fees and costs incurred by Plaintiffs and the class members; and

h. For an award of other relief in law and equity to which Plaintiffs and the class members may be entitled.

Dated: March 6, 2023

*/s/ GWade*

Gillian L. Wade (SBN 229124)
gwade@mjfwlaw.com
Sara D. Avila, (SBN 263213)
savila@mjfwlaw.com
Marc A. Castaneda, (SBN 299001)
mcastaneda@mjfwlaw.com
MILSTEIN JACKSON FAIRCHILD & WADE, LLP

10990 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90024
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

Joseph Henry Bates (SBN 167688)
hbates@cbplaw.com
Allen Carney (to apply for *pro hac vice*)
acarney@cbplaw.com
Samuel R. Jackson (to apply for *pro hac vice*)
sjackson@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

Chris Hood (to apply for *pro hac vice*)
chood@hgdlawfirm.com
HENINGER GARRISON DAVIS, LLC
2224 1st Avenue N
Birmingham, AL 35203
Telephone: 205-326-3336
Facsimile: 205-314-5919

*Attorneys for Plaintiffs*